**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

Texas Mutual Insurance Company,

Plaintiff,

v.

SITUS Trucking, LLC,

Defendant.

**Civil. No. 22-cv-01563(GMM)**

## OPINION AND ORDER

Before the Court is Plaintiff Texas Mutual Insurance Company's ("Texas Mutual") Motion to Remand. (Docket No. 26). The Motion to Remand is DENIED.

### I.   RELEVANT PROCEDURAL HISTORY

On October 20, 2022, Texas Mutual filed a Complaint against SITUS Trucking, LLC ("SITUS") before the Texas State Court, 419th Judicial District of Travis County. It sought monetary relief for breach of contract and alleged accrued unpaid principal. (Docket No. 1, Exhibit 1). SITUS was served on November 1, 2022. Id. On November 28, 2022, SITUS filed Notice of Removal before this Court. It raised diversity jurisdiction pursuant to 28 U.S.C. § 1332 since Carlos Alexis Santiago-Cotto ("Santiago-Cotto") as "the President of SITUS. . .as the sole member of the limited liability company, resides in Carr. 173 km. 6.4 Barrio Sumidero, Aguas Buenas, Puerto Rico, 00703." (Docket No. at 1). SITUS also stated that "[v]enue is proper in district of Puerto Rico under 28 U.S.C. § 1441(a)

Civil. No. 22-cv-01563(GMM)
Page -2-

because it is the judicial district in which the defendant resides." (Docket No. 1 at 2).

On December 16, 2022, Texas Mutual challenged the removal. It alleged the Court's potential lack of jurisdiction, absent diversity. It requested an extension of time to file a motion to remand pursuant U.S.C. § 1447 and to conduct discovery as to the allegations made by SITUS regarding diversity jurisdiction. Texas Mutual alleged that its research reflected that at "least until May 17, 2021, [Santiago-Cotto] used as his address, an address in the State of Texas: 501 N Pine Street, Kermit, Texas 79745, as the registered agent of [SITUS] and its registered office." (Docket No. 7 at 3). It further argued that corporation records of the Puerto Rico State Department show that Santiago-Cotto established two corporations in Puerto Rico: 1) Cotto Enterprise Connexion Corp., on April 13, 2021; and 2) Santiago-Cotto Holding, LLC, on March 29, 2022. Texas Mutual asserted that even though both of those corporations reflect "a similar address for [Santiago-Cotto], as stated by [SITUS] in its Notice of Removal"[1], no actual evidence was submitted to justify the removal nor to establish that Santiago-Cotto is the sole member of SITUS. Id.

_____

[1] Texas Mutual submitted various exhibits including the Certificate of Formation of a Limited Liability Company issued by the Puerto Rico State Department as to Santiago-Cotto Holding, LLC, which includes the street address Bo. Sumidero Com. Las Corujas Carretera 173, Aguas Buenas, PR, 00703 and the mailing address HC 4 Box 8211, Aguas Buenas, PR, 00703. See Docket No. 7, Exhibit 6.

Civil. No. 22-cv-01563(GMM)
Page -3-

On December 20, 2022, the Court granted Texas Mutual until January 23, 2023, to file a Motion to Remand. (Docket No. 8). On January 18, 2023, the Court issued an Order reiterating this deadline, restating its authorization to conduct discovery, and instructing SITUS to comply with the production of documents by January 20, 2023. (Docket No. 21). On January 24, 2023, the Court granted SITUS an additional extension of time until January 20,2023 to produce the requested documentation and also granted Texas Mutual until February 10, 2023 to file its Motion to Remand. (Docket No. 23).

As part of the discovery, SITUS submitted the following:

1.  Deed of Purchase and Sale Agreement, together with the Acquisition of Real Estate as Principal Residence, dated and executed on April 14, 2022, before the Public Notary, Griselle Arbona Martínez. (Docket No. 42, Exhibit 1; Docket No. 48, Exhibit 1), and a Certification of Real Estate Property issued by Digital Real Estate Registry of the Puerto Rico Department of Justice on December 27, 2022, which indicates that said property is:

    "[r]ecorded in favor of Carlos Alexis Santiago Cotto and his spouse Betty Esperanza Sevilla Santiago, who acquired via a Purchase and Sale Agreement, for the price of $200,000.00; by way of deed number 122 executed in Caguas on April 14, 2022 before notary Griselle Arbona Martínez, according to recording 14." (Docket No. 34).

2.  Electricity bill issued by LUMA Energy on December 3, 2022 in Santiago-Cotto's name, for the period of November 1, 2022 to December 1, 2022, and including the address HC 4 Box 8211, Aguas Buenas, Puerto Rico 00703. (Docket No.42, Exhibit 2; Docket No. 48, Exhibit 2).

Civil. No. 22-cv-01563(GMM)
Page -4-

3.  Water bill issued by Puerto Rico Aqueduct and Sewer
    Authority on January 23, 2023, in Santiago-Cotto's
    name, for the consumption period until January 19,
    2023, and including the address HC 4 Box 8211, Aguas
    Buenas, Puerto Rico 00703-8805. (Docket No. 42,
    Exhibit 3).

4.  Registration issued by Puerto Rico Department of
    Transportation ("DTOP") on February 11, 2022, for
    the 2017 Ford F250 S under Santiago-Cotto's name
    and which includes Aguas Buenas, Puerto Rico
    address. (Docket No. 42, Exhibit 4; Docket No. 48,
    Exhibit 13).

5.  License to carry firearms issued for Santiago-Cotto
    by the Puerto Rico Police Department on April 9,
    2022. (Docket No. 42, Exhibit 6; Docket No. 48,
    Exhibit 4).

6.  Puerto Rico Department of Treasury Certification
    dated December 2, 2022, as to the payment of taxes
    relating to the above-described vehicle, which
    includes the following physical address: "Carr. 173
    KM 6.5 Barrio Sumidero, Aguas Buenas, PR." (Docket
    No. 42, Exhibit 7; Docket No. 48, Exhibit 5).

7.  Schedule K-1, Form 1120-S filed for the 2021 Tax
    Year before the Internal Revenue Service ("IRS"),
    as part of the U.S. Income Tax Return for an S
    Corporation. (Docket No. 26, Exhibit 8).

8.  Enrollment Certification from Universidad Ana G.
    Méndez in as to Santiago-Cotto's wife Betty
    Santiago ("Mrs. Santiago") dated January 18, 2023.
    (Docket No. 26, Exhibit 9; Docket No. 42, Exhibit
    7; Docket No. 48, Exhibit 6).

9.  Student Schedule from Mech Tech College as to his
    son Daniel Alexis Santiago Sevilla, for the term
    from November 14, 2022 to February 17, 2023, and
    which includes the following address: "HC 4 Box
    8211, Aguas Buenas, PR 00703." (Docket No. 26,
    Exhibit 10; Docket No. 42, Exhibit 8).

10. Redacted Bank Statement for "Popular Multiaccount"
    issued by Banco Popular de Puerto Rico for the

Civil. No. 22-cv-01563(GMM)
Page -5-

        account under the name of Cotto-Sanchez and Mrs. Santiago for the period from April 22, 2022 to May 24, 2022, which includes the postal address "HC 4 Box 8211 Aguas Buenas PR 00703". (Docket No. 42, Exhibit 9; Docket No. 48, Exhibit 8).

11.   *Declaration Under Penalty of Perjury* pursuant to 28 U.S. Code § 1746 in which Santiago-Cotto declares that a) he acquired SITUS from Mr. Daniel García on May 18, 2017; b) since May 2017 he became the sole member of SITUS and c) on May 23, 2022, he submitted a Certificate of Termination of a Domestic Entity. (Docket No. 26, Exhibit 12).

12.   Certificate of Termination of a Domestic Entity, filed on May 23, 2022, before the Texas Secretary of State, José A. Esparza. (Docket No. 26, Exhibit 13).

On February 10, 2023, Texas Mutual filed the Motion to Remand. (Docket No. 26). It alleges the information and documents provided by SITUS do not establish Santiago-Cotto's citizenship and domicile as SITUS' sole member. Therefore, Texas Mutual deems it insufficient to establish complete diversity jurisdiction at the time of the filing of the removal. Id. at 7. Specifically, Texas Mutual alleges that SITUS has not established that, on November 28, 2022, Santiago-Cotto was domiciled in Puerto Rico, and that he intends to indefinitely reside in the island. Id. at 15. On the contrary, Texas Mutual posits that: (1) the Public Deed of Purchase and Sale does not indicate that the residence in Aguas Buenas is Santiago-Cotto's primary residence and that he waived the homestead exception of the Puerto Rico Homestead Act ("Puerto Rico Homestead Act"), 31 L.P.R.A. §§ 1851–1857, Id.; Exhibit 2; (2) the

Civil. No. 22-cv-01563(GMM)
Page -6-

invoices for utilities from the alleged residence in Aguas Buenas
do not show consumption of electricity or water, Id., Exhibits 3
and 4); (3) Santiago-Cotto does not have a Commonwealth of Puerto
Rico issued driver's license, Id., Exhibit 1; (4) the  copy of the
payment of excise tax for a 2017 RAM 1500 auto, dated by the Puerto
Rico Treasury Department on December 2, 2022, includes a different
address in Aguas Buenas as the one that appears in the Notice of
Removal, Docket No. 26, Exhibit 7); (5) the IRS Schedule K-1 form
for 2021 shows that his address is: 860 S Avenue D, Kermit, TX
79745, Id., Exhibit 8; (6) Santiago-Cotto's has a state of Texas
phone number; (7) Santiago-Cotto's *Declaration Under Penalty of
Perjury* pursuant to 28 U.S. Code § 1746 is insufficient to
establish citizenship or domicile, Id., Exhibit 12; (8) the
Certificate of Termination of SITUS in Texas dated May 23, 2022,
includes a Florida address and that the entity submitting the
document is located in Texas, Id., Exhibit 13; (9) Santiago-Cotto
did not provide a certification issued by the IRS showing the
address in Aguas Buenas, Id. at 19; and (10) SITUS is not
authorized to do business in Puerto Rico as per the Puerto Rico
Department of State certification issued on February 10, 2023,
Id., Exhibit 14.

On March 6, 2023, SITUS filed its *Opposition to Motion to
Remand*. (Docket No. 36). First, Defendant alleges that Texas Mutual
is misleading the Court regarding the homestead exemption, as

Civil. No. 22-cv-01563(GMM)
Page -7-

Santiago-Cotto is not required to apply for the protection afforded by the Puerto Rico Homestead Act as evidence of its domicile in Aguas Buenas, Puerto Rico. Id. at 6.

Second, SITUS avers that the utilities invoices do not show consumption because his residence is undergoing renovations. SITUS further attests that for that reason, Santiago-Cotto and his family lived initially, since March 2022, at his uncle's, José Cotto Rodríguez ("Cotto-Rodríguez") and aunt's Christine Boria Algarín's residence. To that extent, Defendant submits a *Declaration Under Penalty of Perjury* pursuant to 28 U.S. Code § 1746, where Cotto-Rodríguez declares that he is Santiago-Cotto's uncle, owner of a residence located in Carretera 173 KM 6.1, Barrio Sumidero, Sector Las Corujas, Calle Zumbador, Aguas Buenas, Puerto Rico, 00703, which is located right in front of the property bought by Santiago-Cotto. Cotto-Rodríguez also establishes that Santiago-Cotto and his wife "are temporarily residing on my property since March 2022, until their home renovations are completed." Id. at 6-7; Exhibit 2.

Third, SITUS admits that Santiago-Cotto does not have a DTOP issued driver's license but that he is in the process of acquiring one. Id. at 8. About this, it invokes an alleged exemption for residents from other states and U.S. territories of the United States allowing a grace period of 120 days upon arrival in Puerto Rico to drive without a DTOP issued license.

Civil. No. 22-cv-01563(GMM)
Page -8-

Fourth, Defendant states that the address provided with the
Notice of Removal —Carr. 173 km. 6.4 Barrio Sumidero, Aguas Buenas
Puerto Rico, 00703— and the address that appears at the Puerto
Rico Treasury Department Certification —Carr. 173 km. 6.5 Barrio
Sumidero, Aguas Buenas Puerto Rico, 00703— are within the
coordinates of the Santiago-Cotto's residence Id.

Fifth, Santiago-Cotto alleges that he does not hold tax
incentives or decrees with the Commonwealth of Puerto Rico and
therefore, there is no corresponding Certification ascribed to the
Aguas Buenas, Puerto Rico address. Id.

Sixth, SITUS admits that Santiago-Cotto's has a State of Texas
phone number, but that he is not obliged to subscribe to a local
telephone carrier to corroborate his Aguas Buenas, Puerto Rico
domicile. (Docket No. 36 at 9).

Seventh, SITUS reiterates that Santiago-Cotto is the sole
member of SITUS and that he resides in Aguas Buenas, Puerto Rico
as declared in the Declaration Under Penalty of Perjury pursuant
to 28 U.S. Code § 1746. Id. at 10.

Eight, SITUS responds to Texas Mutual's argument that the
Certificate of Termination includes a Florida address and that it
was submitted by an entity from Texas, stating that SITUS was a
limited liability company organized by virtue of the laws of the
State of Texas, which had its principal place of business located
at 501 N Pine Kermit, Texas 79945. Further, that SITUS filed the

Civil. No. 22-cv-01563(GMM)
Page -9-

Certificate of Termination on May 23, 2022, through Ruiz Financial
Solutions, Ltd., who managed all of SITUS' financial and tax
consulting needs. Id. at 10-11.

    Ninth, SITUS argues that Santiago-Cotto does not have a
certification issued by the IRS showing his Aguas Buenas address
because he is not a tax incentive holder and that the only IRS
issued document is the Schedule K-1. Id. at 11.

    Tenth, SITUS presents that Texas Mutual is incorrect when it
states that SITUS did not indicate the relationship of the persons,
for whom it produced the enrollment certification and course
schedule. On the contrary, SITUS argues that it provided this
information to Texas Mutual and reiterated that his wife is
registered at the University of Ana G. Méndez and that his son is
registered at Mech Tech College. Id. at 11-12.

    Eleventh and final, as to Plaintiff's allegation that SITUS
is not incorporated or authorized to do business in Puerto Rico
according to the certificate issued by the Puerto Rico Department
of State, SITUS states that it is not currently operating in Texas,
since there is no intention of returning to Texas, upon terminating
the limited liability company. Id. at 12.

    On March 22, 2023, Texas Mutual filed its *Reply to Opposition
to Motion to Remand*. (Docket No. 40). Plaintiff restated its
arguments for remand and adds that SITUS failed to comply with the
removal procedure under 28 U.S.C. § 1441, by incorrectly filing

Civil. No. 22-cv-01563(GMM)
Page -10-

for removal in the District of Puerto Rico, while the action was pending in Austin, Texas.  Texas Mutual argues that the correct venue is the United States District Court for the Western District of Texas which is the district that embraces Austin, Texas.

On June 23, 2023, Texas Mutual submitted English translations of pertinent exhibits. On July 14, 2023, SITUS filed the corresponding translations in compliance with Court Order.

## II. LEGAL STANDARD

Removal of a Civil Action Based on Diversity Jurisdiction

A party that seeks the jurisdiction of the federal courts has the burden of demonstrating its existence. Valentin v. Hosp. Bella Vista, 254 F.3d 358, 361 (1st Cir. 2001). Under 28 U.S.C. § 1441, "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction [ ] may be removed by the. . .defendants" to federal court. Further, pursuant to 28 U.S.C. § 1446, a defendant desiring to remove any civil action from a State court

> shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

28 U.S.C. § 1446(a).

Civil. No. 22-cv-01563(GMM)
Page -11-

Relevant to this case, "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between. . .citizens of different States[.]" 28 U.S.C. § 1332(a)(1). This is commonly known as diversity jurisdiction. "[D]iversity must be complete; that is, no plaintiff may be a citizen of the same state as any defendant." BRT Management LLC v. Malden Storage LLC, 68 F.4th 691, 695 (1st Cir. 2023).

Citizenship is determined by domicile. See Hall v. Curran, 599 F.3d 70, 72 (1st Cir. 2010); García Pérez v. Santaella, 364 F.3d 348, 350 (1st Cir. 2004). "A person's domicile is the 'place where he has his true, fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning (animus revertendi).'" Chico v. Puerto Rico Elec. Power Authority, 312 F.Supp.2d 153, 157 (D.P.R. 2004) (quoting Valentín v. Hospital Bella Vista, 254 F.3d 358, 366 (1st Cir. 2001)). In turn, domicile can be established "by demonstrating that the individual is physically present in the state and has an intent to remain indefinitely." Hall, 599 F.3d at 72 (citing García Pérez, 364 F.3d at 350; Rodríguez-Díaz v. Sierra-Martínez, 853 F.2d 1027, 1029 (1st Cir. 1988)). However, "[i]t is not required that the intention to stay there be permanent. . ." Chico, 312 F.Supp.2d at 157 (citing Bank One, Texas, N.A. v. Montle, 964 F.2d 48, 50 (1st Cir.

1992)). Therefore, "[i]n ordinary circumstances, all that is needed to change one's domicile is physical presence in the new state and the intent to make that state one's home." Id. (*citing* Rodríguez-Díaz, 853 F.2d at 1029). Further, domicile is determined at the time the suit is filed. *See* Id.; García-Pérez, 364 F.3d at 350-351.

"[F]or purposes of diversity jurisdiction [ ] the citizenship of a limited liability company is determined by the citizenship of all of its members." D.B. Zwirn Special Opportunities Fund, L.P. v. Mehrotra, 661 F.3d 124, 125 (1st Cir. 2011) (internal citations omitted); Pramco, LLC v. San Juan Bay Marina, Inc., 435 F.3d 51, 54 (1st Cir. 2006) (internal citations omitted).

Once domicile is challenged, the party invoking diversity jurisdiction must prove domicile by a preponderance of the evidence. *See* Hall, 599 F.3d at 72 (*quoting* García-Pérez, 364 F.3d at 350; Bank One, Texas, N.A., 964 F.2d at 50). Courts take into consideration various factors, none which are dispositive, to ascertain the extent of a party's ties to the purported domicile:

> current residence; voter registration and voting practices; situs of personal and real property; location of brokerage and bank accounts; membership in unions, fraternal organizations, churches, clubs, and other associations; place of employment or business; driver's license and automobile registration; payment of taxes; as well as several other aspects of human life and activity.

Civil. No. 22-cv-01563(GMM)
Page -13-

13E Wright & Miller, Federal Practice & Procedure § 3612 (3d ed. 2023).

Motion to Remand

A motion to remand usually presents a question of federal subject matter jurisdiction. Samaan v. St. Joseph Hosp., 670 F.3d 21, 27 (1st Cir. 2012); BIW Deceived v. Local S6, Indus. Union of Marine & Shipbuilding Workers of Am., 132 F.3d 824, 830 (1st Cir. 1997). If a plaintiff files a motion to remand, the defendant shoulders the burden of showing that federal jurisdiction exists, and that removal was proper. *See* Fayard v. Northeast Vehicle Servs., LLC, 533 F.3d 42, 48 (1st Cir. 2008). "A motion to remand is decided by reference to the complaint at the time the petition for removal was filed." Abdelnour v. Bassett Custom Boatworks, Inc., 614 F. Supp. 2d 123, 126 (D. Mass. 2009); *see also* Ryan v. Schneider Nat'l Carriers, Inc., 263 F.3d 816, 819 (8th Cir.2001) (en banc) ("In the case of a removed action, diversity must exist both when the state petition is filed and when the petition for removal is filed.").

Venue in a Removal Case

The venue of a removed action, such as this one, is governed by 28 U.S.C. § 1441(a), which provides that the proper venue of a removed action is "the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a) (Emphasis added). The procedure for

removal action established by 28 U.S.C. § 1446 utilizes the same wording: "shall file in the district court of the United States for the district and division within which such action is pending a notice of removal". 28 U.S.C. § 1446(a).

Venue is established by 28 U.S.C. § 1391 ("Section 1391"). In relevant parts, Section 1391 states that a civil action that is founded on diversity jurisdiction "may be brought in: (1) a judicial district where any defendant resides ... (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.... or (3) a judicial district in which the defendants are subject to personal jurisdiction..." 28 U.S.C. § 1391(b).

Section 1391, however, is a general venue statute that "has no application to this case because it is a removed action." Polizzi v. Cowles Magazines, Inc., 345 U.S. 663, 665 (1953); *See* Lambert v. Kysar, 983 F.2d 1110, 1113 n.2 (1st Cir. 1993) (stating that venue of a removed action is not governed by Section 1391). In other words, Section 1391 limits the district in which an action may be "brought." This action, however, was not "brought" in the district court; it was brought in state court and removed to this court.

"Federal courts have not come to a consensus whether a case removed from state court to the improper district court pursuant to 28 U.S.C. § 1441(a) should be remanded to state court or

Civil. No. 22-cv-01563(GMM)
Page -15-

transferred to the proper district. Case law supports both
avenues." <u>Keeth v. State Farm Fire & Cas. Co.</u>, No. 10-13219, 2011
WL 479903, at *1 (E.D. Mich. Feb. 7, 2011). Yet, statutory and
case law support the conclusion that "[r]emoval to the improper
district, where a federal court otherwise has the jurisdictional
power to hear the case, presents a procedural, as opposed to
jurisdictional, defect curable by transfer to the proper venue."
<u>Id.</u> at 2; <u>Kreimerman v. Casa Veerkamp, S.A. de C.V.</u>, 22 F.3d 634,
645 (5th Cir. 1994) (holding that a removal to the wrong division
is a procedural defect that the district court can rectify by
transferring the case to the right division).

Ordinarily, when a case is filed in an improper federal venue,
28 U.S.C. § 1406(a) applies: "The district court of a district in
which is filed a case laying venue in the wrong division or
district shall dismiss, or if it be in the interest of justice,
transfer such case to any district or division in which it could
have been brought." Though § 1406(a) is not directly applicable to
a case improperly removed —as opposed to filed— in a district
court, its tenets apply by analogy with equal force. <i>See</i> <u>Keeth</u>,
2011 WL 479903.

## II.  DISCUSSION

Texas Mutual contends that complete diversity is lacking
because SITUS failed to establish that Santiago-Cotto was the sole
member of the limited liability company or that he was a citizen

Civil. No. 22-cv-01563(GMM)
Page -16-

of Puerto Rico at the time of filing. Yet, upon careful review of
the parties' arguments with special attention to the documents on
the record —and considering the relevant factors to ascertain
domicile determination— the Court finds that SITUS established
domicile in Puerto Rico by a preponderance of the evidence.

The citizenship of a limited liability company such as SITUS
is determined by the citizenship of all its members. The
*Declaration Under Penalty of Perjury* pursuant to 28 U.S. Code §
1746 submitted by SITUS establishes that Santiago-Cotto is its
sole member since May 2017 and that, on May 23, 2022, he submitted
a Certificate of Termination of a Domestic Entity. (Docket No. 26,
Exhibit 12). An independent document submitted by Texas Mutual,
Certificate of Amendment filed on May 19, 2017 at the Department
of State of Texas, corroborates that Santiago-Cotto was the sole
member, after previous managing member Daniel García was removed
from that position. (Docket No. 7, Exhibit 2). In addition, the
Court takes judicial notice of publicly available records from the
Texas Secretary of State that further confirm that SITUS was
eventually dissolved on December 27, 2022.

Since Santiago-Cotto is the only member of SITUS, the test
shifts to determining his citizenship at the time when the Notice
of Removal was filed on November 28, 2022.

First, SITUS established that since April 2022, Santiago-
Cotto has resided in Carr. 173 km. 6.4 Barrio Sumidero, Aguas

Civil. No. 22-cv-01563(GMM)
Page -17-

Buenas Puerto Rico, with no intention of returning to Texas. (Docket No. 19 at 3). As to the real and personal property location, SITUS demonstrated that Santiago-Cotto and his wife acquired his principal residence, a property situated in Aguas Buenas, Puerto Rico via a Purchase and Sale Agreement on April 14, 2022 —over 7 months prior to filing the Notice of Removal. (Docket No. 42, Exhibit 1; Docket No. 48, Exhibit 1). The fact that Santiago-Cotto did not exercise an available right under the Puerto Rico Homestead Act, does not affect the fact that the Aguas Buenas property is his primary residence since April 2022.

Second, Santiago-Cotto's son has been enrolled in a college located in Puerto Rico since November 14, 2022. (Docket No. 26, Exhibit 10; Docket No. 42, Exhibit 8). His wife, Ms. Santiago, has also been enrolled in a university in Puerto Rico. (Docket No. 42, Exhibit 8).

Third, SITUS submitted utility bills under Santiago-Cotto's name, pertaining to the relevant timeframe to the instant claim and related to the same property and to the postal address attached to his residence, namely, "HC 4 Box 8211 Aguas Buenas PR 00703". Although Texas Mutual questions them for lack of consumption, Santiago-Cotto established by means of a *Declaration Under Penalty of Perjury* pursuant to 28 U.S. Code § 1746, that he has been living with his uncle, who owns a residence located in Aguas Buenas in

Civil. No. 22-cv-01563(GMM)
Page -18-

front of his own, while his home undergoes renovations. (Docket No. 36, Exhibit 2).

Fourth, although Santiago-Cotto does not have a DTOP issued driver's license, he asserts that he is in the process of obtaining it. He adds that he is covered by DTOP's grace period for new residents under Puerto Rico law. This is correct. Puerto Rico's Vehicle and Traffic Law establishes exceptions for license requirements for persons who are "duly authorized by law to drive motor vehicles in any state or territory of the United States..." *See* Article 3.05, Vehicle and Traffic Law, 9 L.P.R.A. § 5055. Specifically, it grants a 180 day grace period since arrival to Puerto Rico. Further, Santiago-Cotto holds an automobile registration issued by the DTOP on February 11, 2022, under his name and with the same Aguas Buenas, Puerto Rico address.

Fifth, the location of Santiago-Cotto's bank accounts is in Puerto Rico.

Sixth, as to taxes, even though Plaintiff questions that the address provided with the Notice of Removal and the address that appears at the Puerto Rico Treasury Department Certification are different, such address refers to a location within the coordinates of the residence of Santiago-Cotto.

Seventh, although SITUS admits that Santiago-Cotto holds a State of Texas phone number, it is not definitive as to his

Civil. No. 22-cv-01563(GMM)
Page -19-

domicile nor is it mandatory for Puerto Rico residents to use a local carrier.

In sum, the Court is convinced that: (a) SITUS is not currently operating in Texas; (b) SITUS was dissolved in December 2022; (c) Santiago-Cotto has no intention of returning to the state of Texas; and (d) Santiago-Cotto has established multiple ties to Puerto Rico since November 28, 2022 (filing date of the removal) to this day.

Therefore, this Court concludes that Federal Court has subject matter jurisdiction over this action based on diversity of citizenship. Nonetheless, SITUS improperly removed this action to the District of Puerto Rico by incorrectly citing Section 1391, a general venue statute is inapplicable to this case because it is a removed action. The proper venue of a removed action is governed by 28 U.S.C. § 1441(a) which provides it is in "the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a) (Emphasis added). *See also* 28 U.S.C. § 1446(a). The Court, nevertheless, finds this is a procedural defect that does not warrant remand to the state court, since it is curable by transfer to the proper venue. The interests of justice are served by transferring the matter to the United States District Court for the Western District of Texas where venue is appropriate. *See* 28 U.S.C. § 1406(a); *see also* Keeth, 2011 WL 479903. This is the result mandated by law.

**Civil. No. 22-cv-01563(GMM)**
**Page -20-**

## IV. CONCLUSION

For these reasons, the Court DENIES Plaintiff's Motion to Remand and orders this matter TRANSFERRED to the United States District Court for the Western District of Texas.


IT IS SO ORDERED.

In San Juan, Puerto Rico, July 20,2023.


                                    s/Gina R. Méndez-Miró
                                    GINA R. MÉNDEZ-MIRÓ
                                    UNITED STATES DISTRICT JUDGE