# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **TEXAS MUTUAL INSURANCE COMPANY,** | § § § | |
| *Plaintiff* | § | **CASE NO. 1:23-CV-00842-RP** |
| **v.** | § § | |
| **SITUS TRUCKING, LLC,** | § § | |
| *Defendant* | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

**TO:   THE HONORABLE ROBERT PITMAN**
**UNITED STATES DISTRICT JUDGE**

Before the Court is Plaintiff Texas Mutual Insurance Company's Amended Motion to Strike

Defendant's Answer and Counterclaim, Motion to Dismiss Defendant's Counterclaim, and Motion

for Default Judgment, filed April 1, 2024 (Dkt. 64).[1]

## I.   Background

Plaintiff Texas Mutual Insurance Company sued Defendant SITUS Trucking, LLC in Texas

state court, bringing claims for sworn account and breach of contract to recover unpaid premiums

and charges for workers' compensation insurance. First Amended Petition, Dkt. 1-1. SITUS

removed the case to the United States District Court for the District of Puerto Rico. Dkt. 1. Counsel

for SITUS, Edgardo Santiago-Torres, filed SITUS' Answer and Counterclaim in the District of

Puerto Rico, asserting a counterclaim for Texas Mutual's failure to pay dividends under the parties'

contract. Dkt. 11 ¶ 28. The District of Puerto Rico transferred the case to this Court on July 20,

2023. Dkt. 50. SITUS has not appeared.

---

[1] By Text Order entered April 18, 2024, the District Court referred the motion to this Magistrate Judge for a report and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72, and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.

On July 24, 2023, the District Court ordered counsel who appeared on behalf of the parties in the District of Puerto Rico to move to appear *pro hac vice* within 14 days. Dkt. 55. Because no counsel was admitted in the Western District of Texas, the Court warned that failure to comply could result in counsel being stricken from the docket. *Id*. at 1-2. Texas Mutual retained new counsel, Dkts. 57-58, but SITUS' only attorney, Santiago-Torres, did not move to appear *pro hac vice*, and no new counsel appeared on SITUS' behalf. The Court terminated Santiago-Torres as counsel on December 8, 2023, and ordered SITUS to retain new counsel by January 4, 2024, warning that failure to comply could lead to the striking of its answer and counterclaim. Dkt. 59.

The Court ordered a joint status report on January 16, 2024. Dkt. 60. Texas Mutual filed a status report stating that SITUS had not participated or communicated since the case was transferred. Dkt. 61 at 1. The Court ordered Texas Mutual to move to strike SITUS' answer and dismiss its counterclaim by April 1, 2024, Dkt. 62, and Texas Mutual timely filed this motion. Texas Mutual also delivered the Court's orders to Santiago-Torres and attempted to contact SITUS' owner, without success. Dkt. 64-1 at 5. SITUS has not filed a response.

Nor has SITUS retained new counsel. On April 16, 2024, Santiago-Torres filed a deficient motion to appear *pro hac vice*, which was denied on May 1, 2024. Dkt. 65; Dkt. 66. The District Court ordered Santiago-Torres to file a new motion by May 15, 2024, and Santiago-Torres filed another deficient motion on June 4, 2024, which was denied by Text Order entered July 1, 2024. Dkt. 66; Dkt. 69.

## II.     Motion to Strike Answer and Dismiss Counterclaim

SITUS is a limited liability company and cannot proceed without counsel. It is a "well-settled rule of law that a corporation cannot appear in federal court unless represented by a licensed attorney." *Memon v. Allied Domecq QSR*, 385 F.3d 871, 873 (5th Cir. 2004); *see also TGP*

*Franchising, LLC v. Schooley Media Ventures, LLC*, No. SA-16-CA-546-FB, 2016 WL 11082045, at *2 (W.D. Tex. Sept. 13, 2016) ("The law of this Circuit is clear that a corporation, including a LLC, may appear in court only through a licensed attorney who is admitted to practice in the court or is granted leave to proceed *pro hac vice*."). When faced with an unrepresented LLC, a district court has inherent discretion to determine how to proceed. *Pipe Hitters Union, LLC v. Pipe Hitters Union MC, LLC*, No. 1:20-CV-167-RP, 2020 WL 10692700, at *1 (W.D. Tex. Apr. 27, 2020). The court may admonish the LLC, order it to retain counsel within a certain time, or strike its claims or defenses. *Memon*, 385 F.3d at 873 n.5; *Donovan v. Rd. Rangers Country Junction, Inc.*, 736 F.2d 1004, 1005 (5th Cir. 1984) (stating that district court properly struck the defenses of corporation after it declined to hire counsel).

As detailed above, the District Court gave SITUS sufficient time to retain new counsel and warned it of the consequences that could follow if it failed to do so, but it has violated the Court's Orders and "failed to provide any update to the Court or to Plaintiff." Dkt. 62 at 1. This Magistrate Judge finds that there is no good cause for SITUS' lack of representation and recommends that the District Court strike SITUS' answer.

The Court also may dismiss a defendant's counterclaim as a sanction for violating a court order under Rule 41(b). *Firequip Inc. v. Precision Frac, LLC*, No. MO:17-CV-073-DC, 2019 WL 13159712, at *2 (W.D. Tex. July 15, 2019). The Court finds that dismissal is warranted for SITUS' repeated failure to comply with the Court's Orders to appear and obtain counsel.

Texas Mutual asks that the Court dismiss SITUS' counterclaim with prejudice. A dismissal with prejudice is warranted only when "a clear record of delay or contumacious conduct by the" claimant exists and "lesser sanctions would not prompt diligent prosecution." *Stearman v. Comm'r*, 436 F.3d 533, 535 (5th Cir. 2006). In most cases, there is also at least one of these

aggravating factors: (1) delay caused by the party itself and not the attorney, (2) prejudice to the opposing party, or (3) delay resulting from intentional conduct. *Campbell v. Wilkinson*, 988 F.3d 798, 802 (5th Cir. 2021). While there has been significant delay, the record suggests that the delay has been caused largely by Santiago-Torres instead, not SITUS, and there is no evidence that such delay was intentional. And Texas Mutual has not shown how it has been prejudiced by the delay. Because none of the aggravating factors are present here, this Magistrate Judge recommends that the District Court dismiss SITUS Trucking's counterclaim without prejudice.

When a Rule 41(b) dismissal is without prejudice, it is subjected to the standard of a dismissal with prejudice if the applicable statute of limitations likely bars future litigation. *Beavers v. Metro. Life Ins.*, 566 F.3d 436, 439 (5th Cir. 2009). SITUS appears to assert a breach of contract counterclaim, alleging that Texas Mutual failed to pay it a dividend under the insurance contract sometime in 2021. Dkt. 11 ¶¶ 18-20, 28. Because Texas has a four-year statute of limitations for breach of contract claims, it does not appear likely that future litigation is barred. *Id.* at 439.

### III.   Motion for Entry of Default and Default Judgment

Texas Mutual asks the Court to enter default against SITUS Trucking and then enter a default judgment. Dkt. 64 at 9. Three steps are necessary for a default judgment: (1) default by the defendant; (2) entry of default by the Clerk's office; and (3) entry of a default judgment by the district court. *Pagonis v. Raines*, No. PE: 4:17-CV-01-RAJ-DF, 2017 WL 11384969, at *1 (W.D. Tex. Mar. 15, 2017), *R. & R. adopted*, 2017 WL 11384968 (W.D. Tex. Apr. 25, 2017). "[T]he law is clear that the steps outlined in Rule 55 must be performed separately." *Allstate Vehicle & Prop. Ins. v. Moreno*, No. 5:23-CV-0606-JKP, 2023 WL 4410518, at *1 (W.D. Tex. July 6, 2023) (citation omitted).

If the District Court adopts this Magistrate Judge's recommendation to strike SITUS' answer and counterclaim, SITUS will be in default. Because its pleadings have not yet been stricken from the record, SITUS is not in default, and Texas Mutual's motion for entry of a default judgment is premature. This Magistrate Judge recommends that the District Court direct the Clerk to enter default against SITUS after striking its pleadings and deny Texas Mutual's motion for entry of default judgment without prejudice.

## IV.    Recommendation

This Magistrate Judge **RECOMMENDS** that the District Court **GRANT IN PART** and **DENY IN PART** Plaintiff Texas Mutual Insurance Company's Amended Motion to Strike Defendant's Answer and Counterclaim, Motion to Dismiss Defendant's Counterclaim, and Motion for Default Judgment (Dkt. 64). The Court **RECOMMENDS** that the District Court **STRIKE** Defendant SITUS Trucking, LLC's Answer and Counterclaim (Dkt. 11) and **DISMISS** SITUS' counterclaim without prejudice.

This Magistrate Judge **FURTHER RECOMMENDS** that the District Court direct the Clerk of Court to enter default after it strikes SITUS's Answer and Counterclaim and **DENY** Texas Mutual's motion for default judgment without prejudice.

It is **ORDERED** that this case be removed from this Magistrate Judge's docket and returned to the docket of the Honorable Robert Pitman.

## V.    Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to

the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. See 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on July 12, 2024.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE