# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| **TEXAS MUTUAL INSURANCE COMPANY,** §<br>*Plaintiff* § § § | |
| § | **Case No. 1:23-CV-00842-RP** |
| **v.** § § | |
| **SITUS TRUCKING, LLC,** § §<br>*Defendant* | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

**TO:**  **THE HONORABLE ROBERT PITMAN**
      **UNITED STATES DISTRICT JUDGE**

Now before the Court is Plaintiff Texas Mutual Insurance Company's Motion for Default Judgment, filed August 22, 2024 (Dkt. 74). By Text Order entered August 23, 2024, the District Court referred the motion to this Magistrate Judge for a report and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72, and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.

### I.   Background

Plaintiff Texas Mutual Insurance Company sued Defendant SITUS Trucking, LLC in Texas state court, bringing claims for sworn account and breach of contract to recover unpaid premiums and charges for workers' compensation insurance. First Amended Petition, Dkt. 1-1. On November 28, 2022, SITUS removed the case to the United States District Court for the District of Puerto Rico. Dkt. 1. Counsel for SITUS, Edgardo Santiago-Torres, filed SITUS' Answer and Counterclaim in the District of Puerto Rico, asserting a counterclaim for Texas Mutual's failure to pay dividends under the parties' contract. Dkt. 11 ¶ 28. The District of Puerto Rico transferred the case to this Court on July 20, 2023. Dkt. 50. SITUS has not appeared in this Court.

1

After Santiago-Torres failed to comply with an order to appear *pro hac vice* and SITUS failed to comply with an order to retain new counsel, the District Court terminated Santiago-Torres as counsel and struck SITUS' answer and counterclaim. Dkts. 59, 71. The Clerk entered default against SITUS on August 19, 2024. Dkt. 72. Texas Mutual now moves for default judgment against SITUS under Rule 55(b)(2), seeking $86,558.50 in damages. Dkt. 74.

## II.     Legal Standard

Under Rule 55, a default occurs when a defendant fails to plead or otherwise respond to a complaint within the time required. *N.Y. Life Ins. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). After the defendant's default has been entered by the clerk of court, the plaintiff may apply for a judgment based on the default. *Id*. But even when the defendant technically is in default, a party is not entitled to a default judgment as a matter of right. *Escalante v. Lidge*, 34 F.4th 486, 492 (5th Cir. 2022). There must be a sufficient basis in the pleadings for the judgment entered. *Nishimatsu Constr. Co. v. Hous. Nat'l Bank,* 515 F.2d 1200, 1206 (5th Cir. 1975).

After entry of default, the plaintiff's well-pleaded factual allegations are taken as true, except as to damages. *Escalante*, 34 F.4th at 492. A defendant "is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 496 (5th Cir. 2015) (quoting *Nishimatsu,* 515 F.2d at 1206). Entry of a default judgment is within the court's discretion. *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).

Under Rule 55(b)(2), a court may hold a hearing to conduct an accounting, determine the amount of damages, or establish the truth of any allegation, but a hearing is unnecessary if the court finds it can rely on the pleadings and evidence to determine whether to grant a default judgment. *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993); *RLI Ins. v. 2 G Energy Sys., LLC*, 581 F. Supp. 3d 817, 823 (W.D. Tex. 2020). The Court finds that a hearing is unnecessary.

### III.   Analysis

In considering any motion for default judgment, a court must examine jurisdiction, liability, and damages. *Rabin v. McClain*, 881 F. Supp. 2d 758, 763 (W.D. Tex. 2012).

### A. Jurisdiction

When a party seeks entry of a default judgment under Rule 55, "the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties." *Sys. Pipe & Supply, Inc. v. M/V VIKTOR KURNATOVSKIY*, 242 F.3d 322, 324 (5th Cir. 2001) (citation omitted). The District of Puerto Rico previously found that the Court has diversity jurisdiction and that venue is proper in the Western District of Texas. Dkt. 50 at 19. Generally, a court may exercise general personal jurisdiction over a corporation or limited liability company in (1) the state of incorporation and (2) the state where it has its principal place of business. *Frank v. P N K (Lake Charles) L.L.C.*, 947 F.3d 331, 337 & n.10 (5th Cir. 2020). The Court has general personal jurisdiction over SITUS because Texas Mutual alleges that SITUS is a limited liability company organized under the laws of Texas.[1] Dkt. 1-1 ¶ 4.

### B. Liability

The Court next considers whether a default judgment is procedurally warranted and the First Amended Petition sufficiently sets forth facts showing that Texas Mutual is entitled to relief. *United States v. 1998 Freightliner Vin #:1FUYCZYB3WP886986*, 548 F. Supp. 2d 381, 384 (W.D. Tex. 2008).

---

[1] Although SITUS was dissolved on December 27, 2022, after this lawsuit was filed, Texas law permits claims to proceed against terminated filing entities if the lawsuit is filed within three years of the date of termination. TEX. BUS ORGS. CODE § 11.359(a); Dkt. 50 at 16.

### 1. Default Judgment is Procedurally Warranted

In determining whether a default judgment is procedurally warranted, district courts consider these six factors:

(1) whether material issues of fact are at issue;
(2) whether there has been substantial prejudice;
(3) whether the grounds for default are clearly established;
(4) whether the default was caused by a good faith mistake or excusable neglect;
(5) the harshness of a default judgment; and
(6) whether the court would think itself obliged to set aside the default on the defendant's motion.

*Lindsey*, 161 F.3d at 893. The Court finds that default judgment is procedurally warranted. First, there are no material facts in dispute because SITUS' answer has been stricken and it has not filed any other responsive pleadings. *Nishimatsu*, 515 F.2d at 1206 ("The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact . . . ."). Second, SITUS' "failure to respond threatens to bring the entire process to a halt, effectively prejudicing [Texas Mutual's] interest." *RLI Ins.*, 581 F. Supp. 3d at 824. Third, the grounds for default are clearly established. The Clerk has entered default against SITUS, which was properly served and has failed to comply with court orders. *King v. Allegiance Mgmt., LLC*, No. A-09-CA-317 LY, 2010 WL 2245062, at *2 (W.D. Tex. June 4, 2010). Fourth, the Court cannot find a good-faith mistake or excusable neglect because SITUS has not responded to the Court's orders or Texas Mutual's motions. Fifth, though Texas Mutual seeks monetary damages, it seeks only that relief to which it is entitled under Texas law, limiting the harshness of a default judgment. Sixth, the Court is not aware of any facts that would obligate it to set aside the default if challenged by SITUS. *Can Cap. Asset Servicing, Inc. v. Walker*, No. 1:17-CV-1147-RP, 2019 WL 2298703, at *2 (W.D. Tex. May 30, 2019). For these reasons, the Court finds that default judgment is procedurally warranted.

**2. There is a Sufficient Basis for Judgment in the Pleadings**

Texas Mutual moves for default judgment on its claims for sworn account and breach of contract. Dkt. 74 at 4.

    a. **Sworn Account**

The elements of a claim for sworn account under Texas common law are: (1) sale and delivery of merchandise or performance of services; (2) the amount of the account is just, meaning that the prices were charged in accordance with an agreement, or in the absence of an agreement, they are usual, customary, and reasonable prices for that merchandise or services; and (3) the amount is unpaid. *Coim USA Inc. v. Sjobrand Inc.*, 663 F. Supp. 3d 684, 689 (N.D. Tex. 2023).

Texas Mutual alleges:

(1) It contracted with SITUS to provide workers' compensation insurance for two policy periods between May 26, 2019 and May 7, 2021, Dkt. 1-1 ¶ 6;
(2) It charged SITUS rates approved by the Texas Department of Insurance totaling $389,082, *id.* ¶ 7;
(3) It performed by providing insurance coverage, *id.* ¶ 6;
(4) SITUS agreed to pay the rates, premium modifications, and surcharges approved by the Texas Department of Insurance, *id.*; and
(5) SITUS has not paid $86,558.50 of the charges. *Id.* ¶ 8.

By failing to answer, SITUS has admitted these facts. *Nishimatsu*, 515 F.2d at 1206. The facts as pleaded by Texas Mutual establish that it provided insurance coverage to SITUS in accordance with an agreement and a balance remains unpaid. Texas Mutual has shown a sufficient basis for its claim for sworn account.

    b. **Breach of Contract**

Under Texas law, the essential elements of a breach of contract action are: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach.

*Burbridge v. CitiMortgage, Inc.*, 37 F.4th 1049, 1051 (5th Cir. 2022). A breach occurs when a party fails to perform a duty required by the contract. *Smith Int'l, Inc. v. Egle Grp., LLC*, 490 F.3d 380, 387 (5th Cir. 2007). Based on the allegations above, Texas Mutual has shown that it had an insurance contract with SITUS, it performed, and SITUS has not paid as agreed. Texas Mutual has shown a sufficient basis for its claim for breach of contract.

## C. Relief

Having found that the motion for default judgment should be granted and judgment entered in favor of Texas Mutual, the Court must determine the appropriate relief. An award of damages for a breach of contract claim should provide just compensation for any loss or damage sustained as a result of the breach. *Nat'l Oilwell Varco, L.P. v. Auto-Dril, Inc.*, 68 F.4th 206, 217 (5th Cir. 2023).

Texas Mutual seeks actual damages of $86,558.50. Dkt. 74 at 7. After the coverage periods ended, Texas Mutual audited each policy's premiums. Dkt. 74 at 6-7. Texas Mutual calculated its premium by multiplying SITUS' actual payroll by the premium rates for each category of employee insured. *Id.* at 6; Dkt. 74-1 at 15-16. Texas Mutual submits its audit of the final premium and accounting records of all charges and payments to SITUS' account, supported by the affidavit of John B. Hansen, a custodian of records for Texas Mutual. Dkt. 74-1 at 14-18. These records establish that SITUS failed to pay premiums totaling $86,558.50 on its policies with Texas Mutual. The Court finds that Texas Mutual is entitled to $86,558.50 in actual damages.

## IV.     Recommendation

This Magistrate Judge **RECOMMENDS** that the District Court **GRANT** Plaintiff Texas Mutual Insurance Company's Motion for Default Judgment (Dkt. 74) and award Texas Mutual $86,558.50 in damages.

6

It is **ORDERED** that this case be removed from this Magistrate Judge's docket and returned to the docket of the Honorable Robert Pitman.

## V.   Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. See 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on August 30, 2024.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE